Raul Perez (SBN 174687)
RPerez@InitiativeLegal.com
Melissa Grant (SBN 205633)
MGrant@InitiativeLegal.com
Arnab Banerjee (SBN 252618)
ABanerjee@IntiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

LAWYERS *for* JUSTICE, P.C.
Edwin Aiwazian (SBN 232943)
edwin@aiwazian.com
Arby Aiwazian (SBN 269827)
arby@aiwazian.com
Maria F. Nickerson (SBN 274255)
maria@aiwazian.com
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORBEL YOUSEFIAN, individually, and on behalf of all other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>21ST CENTURY INSURANCE COMPANY, a California corporation;<br><br>        Defendant. | Case No.: CV 10-1077 JAK (MANx)<br><br>Hon. John A. Kronstadt<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      January 9, 2012<br>Time:      8:30 a.m.<br>Place:     Courtroom 750 – 7th Floor<br><br>Complaint Filed:    February 12, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, at 8:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom 750 of the above-captioned court, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff will, and hereby does, move this Court to:

1.      Preliminarily approve the terms set forth in the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement" or "Settlement") described in detail herein and attached as Exhibit A to the Declaration of Melissa Grant, concurrently filed and served herewith;

2.      Grant Plaintiff leave to file the Second Amended Complaint in this action, attached as Exhibit 1 to the Settlement Agreement, joining Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, Sevada Mardirosian, and Armen Grigorian as named Plaintiffs;

3.      Deem the Second Amended Complaint filed and served on Defendant and the Second Amended Complaint answered;

4.      Conditionally certify a class for settlement purposes;

5.      Approve the Proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit 3 to the Settlement Agreement, and direct the mailing of the Notice to the Settlement Class Members;

6.      Appoint Plaintiff Orbel Yousefian and putative Plaintiffs Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, Sevada Mardirosian, Armen Grigorian as Class Representatives;

7.      Appoint Initiative Legal Group APC and LAWYERS *for* JUSTICE, PC as Class Counsel;

8.      Preliminarily approve attorneys' fees in the amount of $333,333 and separate costs in the amount of $40,000;

9.      Preliminarily approve incentive awards in the amounts of $7,500 each to Plaintiff Orbel Yousefian and putative Plaintiff Armen Grigorian, and

1   $6,500 each to putative Plaintiffs Dro Grigorian, Artin Vartanian, Yevgeniy

2   Grozovskiy, Arin Safian, and Sevada Mardirosian;

3       10.   Appoint Simpluris, Inc. as the third-party administrator; and

4       11.   Set the governing timeline for the final approval process of the Class

5   and Collective Action Settlement.

6       This Motion is based upon this Notice of Motion and Motion, the

7   Memorandum of Points and Authorities in Support of Motion for Preliminary

8   Approval of the Class and Collective Action Settlement, the Declaration of

9   Melissa Grant, the Declaration of G. Arthur Meneses, the Class Notice, the

10  Proposed Order, the records, pleadings, and papers filed in this action, and upon

11  such other evidence or argument as may be presented to the Court at or prior to

12  the hearing of this Motion.

13

14

15  Dated: December 8, 2011          Respectfully submitted,

16                           Initiative Legal Group APC

17

18                           By: _____

19                           Raul Perez,
                         Melissa Grant

20                           Arnab Banerjee

21

22                           By: _____
                         LAWYERS *for* JUSTICE, PC

23                           Edwin Aiwazian
                         Arby Aiwazian

24                           Maria Nickerson

25                           Attorneys for Plaintiffs

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................. 1

II.   FACTS AND PROCEDURE ............................................... 3

    A.   21st Century Employed Over 400 Non-Exempt Sales
        Representatives During The Relevant Time Period ............................. 3

    B.   The Yousefian FLSA  Collective Action................................................. 3

    C.   The Grigorian Class Action................................................................. 4

    D.   The Parties Have Agreed To Settle Both Actions In This Court
        With An Amended Complaint Which Adds Additional Plaintiffs ........ 5

    E.   The Parties Have Conducted Extensive Discovery ............................. 5

    F.   The Parties Settled The Claims At Mediation ...................................... 6

    G.   The Essential Terms of the Settlement ................................................. 6

        1.   Composition of the Class.................................................. 6

        2.   Settlement Consideration.................................................. 7

        3.   Releases by Class and Plaintiffs .................................... 8

        4.   Notice to the Class ........................................................... 8

        5.   Formula to Pay Participating Class Members ............................. 9

        6.   Class Representative Incentive Payments to Plaintiffs ................. 9

        7.   Attorneys' Fees and Costs ............................................. 10

        8.   Settlement Administration Costs .................................... 10

III.  ARGUMENT ..................................................................... 10

    A.   Class Action Settlements Are Subject To Court Review And
        Approval Under Federal Law............................................................. 10

        1.   The Class Is Sufficiently Numerous and Ascertainable .............. 11

        2.   Common Issues Predominate Over Individual Issues ................. 12

        3.   The Representatives' Claims Are Typical of the Class................ 12

        4.   The Adequacy Requirement Is Met ............................................ 13

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

5.   Class Settlement Is Superior to Other Means of Resolution ........ 13

B.   The Court Should Likewise Certify The FLSA Opt-In Class For
Settlement Purposes Only ................................................................ 13

C.   The Settlement Is Fair, Reasonable, and Adequate ........................... 15

1.   The Decision to Approve a Proposed Settlement Is
Committed to the Court's Discretion ......................................... 15

2.   The Settlement Is Based on Facts Uncovered Through
Extensive Investigation and Discovery ...................................... 15

3.   The Settlement Was Achieved After Evaluating the Strength
of Plaintiffs' Case and the Risk, Expense, Complexity and
Likely Duration of Further Litigation ........................................ 16

4.   The Settlement Was the Result of Arm's-Length Negotiation
by Experienced Counsel ............................................................ 21

5.   The Class Representative Payments Are Reasonable .................. 21

6.   The Class Counsel Award Is Reasonable .................................... 22

D.   The Proposed Notice Is Proper ........................................................ 24

IV.   CONCLUSION ............................................................................................ 25

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

## Federal Cases

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) ................................................. 12

*Blackwell v. SkyWest Airlines Inc.*, 245 F.R.D. 453 (S.D. Cal. 2007) .......... 16, 19

*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27 (E.D. Pa 1985) ............................ 21

*Brown v. Fed. Express Corp.*, 249 F.R.D. 580 (C.D. Cal. Feb. 26, 2008) ......................................................................................................... 17, 19

*Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008) ........................................ 23

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) ............................................................................................................... 12

*Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169 (C.D. Cal. 2008) ........................................................................................................... 20

Franklin v. Kaypro Corp., 884 F.2d 1222, 1225 (9th Cir. 1989) ..................... 16

*General Telephone Co. v. Falcon*, 457 U.S. 147 (1982) ................................... 13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................... 12, 13, 15

*Harrison v. Wal-Mart Stores, Inc.*, 613 S.E.2d 322 (N.C. Ct. App. 2005) .............................................................................................................. 19

*In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494 (D.D.C. 1981) .................... 22

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ...................... 15

*In re Warner Commc'n Sec. Litig.*, 618 F. Supp. 735 (S.D.N.Y. 1985) ............................................................................................................. 22

*Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986) ............................................................................................................... 23

*Kimoto v. McDonald's Corp.*, No. 06-3032, 2008 WL 4069611 (C.D. Cal. Aug. 19, 2008) .................................................................................... 20

*Michael-Regan Co. v. Lindell*, 527 F.2d 653 (9th Cir. 1975) ............................ 23

*Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) ................................................. 15

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*Petty v. Wal-Mart Stores, Inc.*, 773 N.E. 2d 576 (Ohio Ct. App. 2002) ................................................................................. 19

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ......................... 11

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995) ........ 21, 22

*Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114 (E.D. Cal. 2009) ................................................................ 12

*Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d at 552 (Tex. Ct. App. 2002) ................................................................................. 19

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987) ............... 12

*White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1085-86 (N.D. Cal. 2007)* ................................................................ 18

### STATE CASES

*Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25 (2008), *rev. granted* Oct. 22, 2008, S166350 ................................. 17

*Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278 (2008), *rev. granted* Jan. 14, 2009, S168806 ..................................... 17, 19, 20

*Smith v. Rae-Venter Law Group*, 29 Cal. 4th 345 (2002), *reversed on other grounds*, 29 Cal.4th 345 (2002) .................................... 20

### FEDERAL STATUTES

Age Discrimination in Employment Act of 1967 ................................ 8

Fair Lab. Standards Act ................................................................ 8

Fed. R. Civ. P. 23(a) ................................................................. 11

Fed. R. Civ. P. 23(a)(1) ............................................................. 11

Fed. R. Civ. P. 23(b)(3) ............................................................. 11

Fed. R. Civ. P. 23(c)(2) ............................................................. 24

Fed. R. Civ. P. 23(e) ................................................................. 10

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Fed. R. Civ. P. 23(e)(1) ......................................................... 15

Rule 23(a)(4) ........................................................................ 13

### STATE STATUTES

Cal. Lab. Code § 201 ............................................................. 4

Cal. Lab. Code § 226(a) ......................................................... 4

Cal. Lab. Code § 226(e) ......................................................... 19

Cal. Lab. Code § 226.7 ....................................................... 4, 18

Cal. Lab. Code § 510 ............................................................. 4

Cal. Lab. Code § 512(a) ......................................................... 4

### SECONDARY AUTHORITIES

Cal. DLSE Op. Letter, 2002.01.28 ......................................... 18

Cal. Wage Ord. Sec. 12 ......................................................... 18

Conte & Newberg, *Newberg On Class Actions* (4th ed.) ........................... 11, 22

Herr, *Manual for Complex Litigation*, Third (Fed. Judicial Center
    1995) ............................................................................. 10

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Yousefian seeks preliminary approval of the parties' proposed Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement" or "Settlement"),[1] which would provide significant monetary and equitable relief to over 400 current and former employees of 21st Century Insurance Company ("Defendant" or "21st Century").

The basic terms of the Settlement provide for the following:

(1)     A Settlement Class comprised of two subclasses: (a) "All non-exempt or hourly-paid employees who worked for Defendant in California as sales representatives or sales agents at any time from February 2, 2006 until the date of the Court's Preliminary Approval"; and (b) "All non-exempt or hourly-paid employees who worked for Defendant in California or Lewisville, Texas, as sales representatives or sales agents at any time from February 12, 2007, or three years before the date a Consent to Join was filed with the Court, whichever is later, to the date of the Preliminary Approval Hearing and have affirmatively opted in to participate in [this] Action."

(2)     A Class Settlement Amount of One Million Dollars ($1,000,000), inclusive of:

(a)     Settlement Administration Costs, currently estimated at $12,120 to be paid to the mutually agreed upon class action claims administrator Simpluris, Inc. ("Settlement Administrator");

(b)     Class Representative Incentive Payments to Plaintiffs[2] in the amounts of $7,500 each to Orbel Yousefian and Armen

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

---

[1] Unless indicated otherwise, all capitalized terms used have the same meaning as those defined by the Settlement Agreement.

[2] "Plaintiffs" refers to the seven plaintiffs named in the [proposed] Second Amended Complaint.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Grigorian, and $6,500 each to Dro Grigorian, Artin Vartanian, Yezgeniy Grozokskiy, Arin Safian, and Sevada Mardirosian for their collective efforts in securing the class settlement; and

(c) The Attorneys' Fees and Costs Award of $333,333 in attorneys' fees and $40,000 in costs to Initiative Legal Group APC and LAWYERS for JUSTICE, P.C. (formerly, The Aiwazian Law Firm) (collectively, "Plaintiffs' Counsel" or "Class Counsel").

(3) A Net Settlement Amount (the Class Settlement Amount minus the Settlement Administration Costs, Class Representative Incentive Payments, and the Attorneys' Fees and Costs Award), the entirety of which shall be allocated to Participating Settlement Class Members on a pro rata basis according to the number of weeks they worked during the Settlement Class Period.

(a) No claims process is required; each Class Member shall automatically receive an Individual Settlement Payment from the Net Settlement Amount unless they request to be excluded from the Settlement.

(b) Individual Settlement Payments of Class Members who choose exclusion from the Settlement shall be distributed pro rata to the other Participating Settlement Class Members.

The proposed Settlement satisfies all of the criteria for preliminary approval under both Federal and California law and falls well within the range of reasonableness. Moreover, the proposed Settlement Class is appropriate for provisional certification. Accordingly, Plaintiff respectfully requests that this Court grant preliminary approval of the Settlement, grant Plaintiffs leave to file the Second Amended Complaint, deem the Second Amended Complaint filed and served on Defendant and deem the Second Amended Complaint answered, conditionally certify the Class for settlement purposes only, appoint Plaintiffs as

Class Representatives, and appoint Initiative Legal Group APC ("Initiative") and LAWYERS *for* JUSTICE, P.C. as Class Counsel.

## II.    FACTS AND PROCEDURE

### A.    21st Century Employed Over 400 Non-Exempt Sales Representatives During The Relevant Time Period

Defendant 21st Century is a nationwide insurance company specializing in the sale of personal automobile insurance.[3]   21st Century employs "Sales Representatives"—or similarly titled positions—whose job is to sell insurance products and provide customer service by telephone for 21st Century. (Declaration of Melissa Grant ["Grant Decl."] ¶ 2.)  There are approximately 401 current and former Sales Representatives who have worked in call centers in California and Texas during the four years that preceded the filing of this action. (Grant Decl. ¶ 13.)  All 21st Century Sales Representatives, whether they worked in California or Lewisville, Texas, have had the same essential job duties and work under the same compensation plan. (*Id.*)  Each of the Plaintiffs worked as Sales Representatives in non-exempt positions for Defendant in Los Angeles County, California at various times between February 2006 and December 2008. (Grant Decl. ¶ 17.)

### B.    The Yousefian FLSA  Collective Action

On February 12, 2010, Plaintiff Orbel Yousefian ("Yousefian") filed an action under the Fair Labor Standards Act, title 29 United States Code, sections 201 *et seq.* ("FLSA"), which alleged two causes of action against Defendant: (1) Failure to Pay Overtime Wages (29 U.S.C. § 207); and (2) Failure to Pay Minimum Wages (29 U.S.C. § 206) (the "Yousefian Action").  (Grant Decl. ¶ 4.) Yousefian has been represented by Initiative and LAWYERS for JUSTICE, P.C. (*Id.*)

On December 2, 2010, the Honorable Jacqueline Nguyen conditionally

---

[3] *See* http://www.farmers.com/our_company.html, last visited September 8, 2010.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  certified the Yousefian Action and approved the mailing of a notice that was

2  subsequently sent to putative members of the collective class on or about

3  January 28, 2011. (Grant Decl. ¶ 18.) Seventy-two former employees of

4  Defendant opted-in. (*Id.*)

5  ### C.   The Grigorian Class Action

6  On February 2, 2010, Plaintiffs Dro Grigorian, Artin Vartanian, and

7  Yevgeniy Grozovskiy, on their own behalf and on behalf of the putative class

8  members sued Defendant in a putative class action filed in the Los Angeles

9  County Superior Court (*Grigorian, et. al. v. 21st Century Insurance Company*,

10  Case # BC431048) (the "Grigorian Action"). (Grant Decl. ¶ 7.) All Plaintiffs in

11  the Grigorian Action have been represented by Initiative and LAWYERS *for*

12  JUSTICE, P.C. (*Id.*)

13  On March 18, 2010, Defendant filed a demurrer and a motion to strike the

14  Complaint in the Grigorian Action. (Grant Decl. ¶ 9.) After filing a First

15  Amended Complaint in response, the Parties then stipulated that Plaintiffs could

16  file a Second Amended Complaint. (*Id.*)

17  The Second Amended Complaint in the Grigorian Action, filed on June 4,

18  2010, alleged violations of California wage and hour overtime laws, including

19  the[4]: (1) failure to pay overtime, pursuant to sections 510 and 1198; (2) failure to

20  provide meal periods, pursuant to sections 226.7 and 512(a); (3) failure to

21  provide rest periods, pursuant to section 226.7; (4) failure to pay minimum wages

22  pursuant to sections 1194, 1197 and 1197.1; (5) failure to timely pay wages upon

23  termination, pursuant to sections 201 and 202; (6) failure to provide accurate,

24  itemized wage statements, pursuant to section 226(a); and (7) unlawful and/or

25  unfair business practices, pursuant to Business and Professions Code section

26  17200, et seq. (Grant Decl. ¶¶ 7 & 9.)

27

28

---

[4] Unless otherwise specified, all statutory references in this paragraph are to the California Labor Code.

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 99067

**D.**     **The Parties Have Agreed To Settle Both Actions In This Court With An Amended Complaint Which Adds Additional Plaintiffs**

All Parties have agreed to join both actions and settle them before this Court.  (Grant Decl. ¶¶ 19 & 22)  The Grigorian Action has been stayed pending approval of this Settlement.  (Grant Decl. ¶ 23.)  Upon the filing of the Second Amended Complaint in the Yousefian Action pursuant to this Settlement and after Final Approval of the Settlement, the Grigorian Action will be dismissed with prejudice.  (Grant Decl. ¶ 23)

In recognition of their services to the class, in particular the time they spent collating documentary evidence and submitting themselves to lengthy depositions that were not requested of other members of the class, class members Arin Safian, Sevada Mardirosian and Armen Grigorian, along with the plaintiffs in the Grigorian Action, Dro Grigorian, Artin Vartanian, and Yevgeniy Grozovskiy are included as named Plaintiffs and Class Representatives in the [Proposed] Second Amended Complaint in the Yousefian Action. Defendant does not object to the inclusion of these additional Plaintiffs for the purposes of settlement only. (Settlement Agreement ¶¶ 1.2, 2) (The [Proposed] Second Amended Complaint is attached as Exhibit 1 to the Settlement Agreement, Exhibit A to the Grant Decl.)

**E.**     **The Parties Have Conducted Extensive Discovery**

In addition to exchanging Rule 26 disclosures, the parties have conducted extensive formal discovery (Grant Decl. ¶¶ 10-17), which due to the similarity between the claims alleged in the Yousefian and Grigorian Actions they ultimately agreed could be used in both cases.  (Grant Decl. ¶ 10.)  Plaintiffs propounded one set of form interrogatories as well as two separate sets of special interrogatories (a total of 26 interrogatories) in order to ascertain and identify the number of potential class members. (Grant Decl. ¶ 11.)  Plaintiffs also served a request for the production of documents on Defendant, covering 11 different

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

categories relating to employee payroll and work records, including time records, itemized wage statements, human resource documents, and record retention policies. This resulted in the production of hundreds of documents for inspection and analysis. (*Id*.)

In response to formal discovery requests, Plaintiffs obtained the names and contact information of all putative class members in the Grigorian and Yousefian Actions, allowing them to conduct a thorough investigation of the claims through extensive interviews of putative class members. (Grant Decl. ¶¶13 & 16.)

Plaintiffs also took the deposition of Laura Rock, Defendant's corporate representative who was designated to give testimony on the administration of the workplace policies at issue in both Actions, followed by additional depositions of Defendant's two witnesses whose declarations were submitted in support of its opposition to conditional certification in the Yousefian Action. (Grant Decl. ¶¶ 14-15.) Defendant deposed all seven of the Plaintiffs (and applicant Class Representatives) in this Action. (Grant Decl. ¶ 17.)

### F.     The Parties Settled The Claims At Mediation

The Parties met for mediation on June 21, 2011, before Jeffrey Krivis, a respected and experienced mediator of wage and hour class actions. (Grant Decl. ¶ 20.) After a full day of negotiations, the Parties agreed on the essential terms of a settlement agreement, forming the basis of the current settlement. (Grant Decl. ¶ 22.) Thereafter, the Parties memorialized the detailed terms of the settlement in the Settlement Agreement. (*Id*.) (A complete copy of the Settlement Agreement is attached as Exhibit A to the Declaration of Melissa Grant In Support of Motion for Preliminary Approval of Class Action Settlement.)

### G.     The Essential Terms of the Settlement

#### 1.     Composition of the Class

The Settlement Agreement provides for the certification for settlement purposes only of a class comprised of two subclasses. The first subclass (the

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

"California Settlement Class") is comprised of all non-exempt or hourly paid
employees who worked for Defendant in California as sales representatives or
sales agents at any time from February 2, 2006, until the time of the Preliminary
Approval Hearing (the "Settlement Class Period").  (Settlement Agreement
¶¶ 1.4 & 1.28.)  The second subclass ("FLSA Opt-In Class") is comprised of all
non-exempt or hourly paid employees who worked for Defendant in California or
Lewisville, Texas as sales representatives or sales agents at any time from
February 12, 2007, or three years before the date a Consent to Join was filed with
the Court, whichever is later, to the date of the Preliminary Approval Hearing
and have affirmatively opted in to participate in the Action.  (Settlement
Agreement ¶ 1.14.)  Together, the subclasses consist of approximately 401
employees.  (Grant Decl. ¶ 13.)

## 2.    Settlement Consideration

The Settlement is on a class-wide basis. Defendants will pay a total of
$1,000,000 to settle the class-wide claims in the Actions ("Class Settlement
Amount").  (Settlement Agreement ¶ 1.6.)  The following will be deducted from
the Class Settlement Amount to determine the Net Settlement Amount, from
which Participating Settlement Class Members will be paid:  (1) $333,333 for
attorneys' fees to be paid to Class Counsel; (2) $40,000 in costs to be paid to
Class Counsel; (3) $47,500 total to Plaintiffs as Class Representative Incentive
Payments, which consists of $7,500 each to Plaintiffs Orbel Yousefian and
Armen Grigorian, and $6,500 each for Plaintiffs Dro Grigorian, Artin Vartanian,
Yevgeniy Grozovskiy, Arin Safian, and Sevada Mardirosian; and (4)
approximately $12,120 in Settlement Administration Costs.   (Settlement
Agreement ¶¶ 4.1-4.4.)  The remainder will constitute the "Net Settlement
Amount" and will be available to the Participating Settlement Class Members.
(Settlement Agreement ¶ 4.5(B)(1).)  If the Court approves the deductions from
the Class Settlement Amount provided above, the Net Settlement Amount will be

1   approximately $567,047.

2   **3.     Releases by Class and Plaintiffs**

3         Pursuant to the Settlement, Plaintiffs and Settlement Class Members will

4   release certain claims against Defendant and related persons or entities

5   (collectively, the "Releasees").  (Settlement Agreement ¶ 5.)  The released claims

6   consist of those arising under the FLSA, the California Labor Code, and the

7   California Business & Professions Code that are based on or arise out of the facts

8   alleged in the original or Second Amended Complaints in the Yousefian Action,

9   or in operative Complaint in the Grigorian Action.  (Settlement Agreement ¶

10  5.1(A).)

11        Plaintiffs will also provide a general release including a waiver of

12  California Civil Code Section 1542. (Settlement Agreement ¶ 5.1(B).)  The

13  general release does not cover claims that cannot be waived by law. (*Id.*)

14  **4.     Notice to the Class**

15        Within 14 days after entry of the Order Granting Preliminary Approval,

16  Defendant will provide the Settlement Class Lists to the Settlement

17  Administrator.  (Settlement Agreement ¶ 3.2(A).)  Within 10 days thereafter, the

18  Settlement Administrator will mail the Notice of Pendency of Class Action

19  Settlement ("Notice Packet", attached as Exhibit 3 to the Settlement Agreement)

20  to all Settlement Class Members via regular First-Class U.S. Mail, using the most

21  current, known mailing addresses for each Settlement Class Member.

22  (Settlement Agreement ¶ 3.2, 3.3(A).)  The Settlement Administrator will first

23  update Class Member addresses on the Class List by searching the National

24  Change of Address Database and thereafter will attempt to re-mail any

25  undeliverable notices to either the applicable forwarding address or by reference

26  to a single skip-trace or other search using the name, address, and/or Social

27  Security Number of the Settlement Class Member involved.  (Settlement

28  Agreement ¶ 3.2(B)(1).)

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

If Settlement Class Members dispute any information in the Notice Packet, they may produce evidence to substantiate their claims. (Settlement Agreement ¶ 3.3(B).)  Such evidence must be submitted to the Settlement Administrator no later than 60 calendar days after the Notice Packet is first mailed out.  (*Id.*)

Any California Settlement Class member wishing to opt out of the Action must sign, postmark, and mail a written Request for Exclusion no later than 60 calendar days after the Notice Packet is first mailed out.  (Settlement Agreement ¶ 3.4.)  The Notice Packet will provide instructions to all California Settlement Class members who wish to exclude themselves from the class.  (*Id.*)  FLSA Opt-In Class members have filed a Consent to Join in the Yousefian Action and are therefore not entitled to submit a Request for Exclusion.  (Settlement Agreement ¶ 3.4(C).)

### 5.      Formula to Pay Participating Class Members

The Settlement Administrator will calculate the total, collective number of Workweeks for all Participating Settlement Class Members who were employed by Defendant during the Settlement Class Period ("Total Workweeks"). (Settlement Agreement ¶¶ 1.20 and 4.5(B)(2).)  The value of each individual Workweek shall then be determined by dividing the Net Settlement Amount by the collective Total Workweeks for all Settlement Class Members during the Class Period ("Workweek Point Value").  (*Id.*)  An "Individual Settlement Payment" for each Participating Settlement Class Member shall then be determined by multiplying an individual Participating Settlement Class Member's number of Workweeks within the Class Period by the Workweek Point Value.  (*Id.*)

### 6.      Class Representative Incentive Payments to Plaintiffs

Each named Plaintiff is to receive additional value for his or her services, efforts, and the risks taken on behalf of the class.  (Settlement Agreement ¶ 4.3.) Plaintiffs Orbel Yousefian and Armen Grigorian are to receive $7,500 each and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiffs Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, and Sevada Mardirosian are to receive $6,500 each.  (Settlement Agreement ¶ 4.3(A).)  The Class Representative Incentive Payments are in addition to Plaintiffs' Individual Settlement Payments.  (Settlement Agreement ¶ 4.3(B).)

### 7.    Attorneys' Fees and Costs

Class Counsel will request, and Defendant will not object to, a fee award of up to 33.3% of the Class Settlement Amount ($333,333), plus additional costs up to $40,000.  (Settlement Agreement ¶ 4.2(A).)

### 8.    Settlement Administration Costs

The Settlement Administrator is to be paid out of the Class Settlement Amount, with estimated administration costs no greater than $12,120. (Settlement Agreement ¶ 4.4.)

## III.   ARGUMENT

### A.    Class Action Settlements Are Subject To Court Review And Approval Under Federal Law

Class action settlements must be approved by a court, and notice of the settlement must be provided to the class before the action can be dismissed.  Fed. R. Civ. P. 23(e).  Settlement approval occurs after three distinct steps are taken: (1) Preliminary approval of the proposed settlement, including (if the class has not already been certified) conditional certification of the class for settlement purposes only; (2) Dissemination of notice to the class, which informs them of the opportunity to exclude themselves from the settlement; and (3) A final fairness hearing (or Final Approval Hearing) at which the fairness, adequacy, and reasonableness of the settlement is presented.  Fed. R. Civ. P. 23(e)(2); David Herr, *Manual for Complex Litigation*, Third (Fed. Judicial Center 1995) ("Manual") section 30.41.[5]

---

[5] This procedure safeguards class members' procedural due process rights and enables the court to fulfill its role as the ultimate guardian of class interests.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

At preliminary approval, the Court should first determine whether a class exists. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Where the class as defined in the settlement has not yet been certified, but meets the requirements for certification of a settlement class, the Court should grant class certification for settlement purposes only. *See* Conte & Newberg, *Newberg On Class Actions*, § 11.22 (4th ed. 2002) ("Newberg"). The Court must then evaluate whether the settlement is within the "range of reasonableness," and whether notice to the class and the scheduling of a final approval hearing should be ordered. *See id.* at § 11.26. Class certification for settlement purposes facilitates distribution of notice to the class, conveying to Settlement Class Members the settlement terms and the date and time of the final approval hearing. *See* Manual § 30.41.

The class, as defined in the Settlement Agreement, should be certified for settlement purposes only. Fed. R. Civ. P. 23(b)(3). Under Rule 23(a) of the Federal Rules of Civil Procedure, the requirements for class certification are as follows: numerosity, commonality, typicality of the class representatives' claims, and adequacy of representation. In addition, a class action for monetary damages must satisfy the Rule 23(b)(3) "predominance" requirement that the questions of law or fact common to the Settlement Class Members predominate over questions affecting only individual members, and the "superiority" requirement that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For settlement purposes only, and without waiving its right to oppose certification should this Settlement not be finally approved, Defendant agrees that the class meets all these prerequisites.

### 1.     The Class Is Sufficiently Numerous and Ascertainable

The numerosity requirement is met if the class is so large that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). Generally, courts will find a class sufficiently numerous when it consists of 40 or more members.

Newberg, §§ 11.22 *et seq.*

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1121 (E.D. Cal.

2   2009) ("numerosity" is presumed at a level of 40 members); *Consolidated Rail*

3   *Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (same).  Here, the

4   class is ascertainable from Defendant's records, and Defendant's records show

5   that the class consists of approximately 400 individuals.  Joinder of all Settlement

6   Class Members would thus be impracticable.

### 2.      Common Issues Predominate Over Individual Issues

8          Class certification is authorized where common questions of law and fact

9   predominate over individual questions and where class-wide treatment of a

10  dispute is superior to individual litigation.  *See Hanlon v. Chrysler Corp.*, 150

11  F.3d 1011, 1022-23 (9th Cir. 1998).  The test is whether the proposed class is

12  sufficiently cohesive to warrant adjudication by representation. (*Id.* at 1022,

13  citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997).)  The proposed

14  class in this case is sufficiently cohesive because all Settlement Class Members

15  share a "common nucleus of facts and potential legal remedies." (*Hanlon*, 150

16  F.3d at 1022.)

17         Individualized issues do not predominate over the issues of law and fact

18  that are common to the class as a whole because the various statutes involved in

19  each cause of action alleged in the Second Amended Complaint apply to each

20  Settlement Class Member and Defendant's policies apply class-wide.

### 3.      The Representatives' Claims Are Typical of the Class

22         The typicality requirement is met if the claims of the named

23  representatives are typical of those of the class, though "they need not be

24  substantially identical."  *Hanlon*, 150 F.3d at 1020.  Plaintiffs' claims are typical

25  because they arise from the same factual basis and are based on the same legal

26  theories as those applicable to the other Settlement Class Members.  *See Wehner*

27  *v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

### 4.      The Adequacy Requirement Is Met

To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiff must show (1) that the putative named plaintiffs have the ability and the incentive to represent the claims of the class vigorously, (2) that they have obtained adequate counsel, and (3) that there is no conflict between the individuals' claims and those asserted on behalf of the class. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  The adequacy of representation requirement is met here because Plaintiffs have the same interests as the members of the Settlement Class, there is no conflict between the named Plaintiffs' claims and those of the other Settlement Class Members, and Plaintiffs are represented by experienced and competent counsel who have experience litigating wage and hour class actions.  (Declaration of G. Arthur Meneses In Support of Motion for Preliminary Approval of Class Action Settlement ["Meneses Decl."] ¶¶ 3-5.)

### 5.      Class Settlement Is Superior to Other Means of Resolution

Particularly in the settlement context, class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023.  The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Id.*  Here, as in *Hanlon*, the alternative methods of resolution are individual suits for relatively small amounts. *See id.*  These claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery." *Id.*  For this reason, Class Counsel believe a class action is the superior method of resolution.

### B.      The Court Should Likewise Certify The FLSA Opt-In Class For Settlement Purposes Only

Just as the requirements for a class action settlement are met in this instance, so too are the requirements met for the FLSA collective action.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Collective actions under the FLSA are not subject to the requirements of Rule 23

2   of the Federal Rules of Civil Procedure. *See Hill v. R+L Carriers,* 2011 U.S.

3   Dist. LEXIS 27997, *9 (N.D. Cal. Mar. 3, 2011)*; Thiessen v. Gen. Elec. Capital*

4   *Corp*., 267 F.3d 1095, 1105 (10th Cir. 2001). The FLSA provides for a collective

5   action where plaintiffs are "similarly situated." 29 U.S.C. § 216(b). The FLSA

6   does not define "similarly situated," nor has the Ninth Circuit defined it. (*See*

7   *Hill*, 2011 U.S. Dist. LEXIS 27997 at *8).

8        Although various approaches have been taken to determine whether

9   plaintiffs are "similarly situated" under the FLSA, district courts in this circuit

10  have used an ad hoc approach. *See, e.g., Harris v. Vector Mktg. Corp*., 753 F.

11  Supp. 2d 996 (N.D. Cal. 2010); *Reed v. Cnty. of Orange*, 266 F.R.D. 446 (C.D.

12  Cal. 2010); *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D.

13  Cal. 2002) (noting that the majority of courts prefer this approach).

14       Courts have further determined that FLSA's "similarly situated" standard

15  is less stringent than Rule 23(b)(3)'s requirement that common questions of law

16  and fact predominate. *See, e.g., O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d

17  567, 584-87 (6th Cir. 2009); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th

18  Cir. 1996). "All that need be shown by the plaintiff is that some identifiable

19  factual or legal nexus binds together the various claims of the class members in a

20  way that hearing the claims together promotes judicial efficiency and comports

21  with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*,

22  1993 U.S. Dist. LEXIS 21292, 1993 WL 603552, at *1 (D. Ariz. 1993) (citations

23  omitted).

24       As noted, the Plaintiffs all worked for Defendant under the same

25  workplace policies during the same Settlement Class Period. (Grant Decl. ¶¶ 13,

26  17) The claims of Plaintiffs and opt-in members all arise from the same alleged

27  facts and legal theories. Because this Action is appropriate for settlement under

28  the stricter requirements for class actions under Rule 23, it follows that it is also

1   appropriate for collective treatment under the FLSA.

2         **C.**      **The Settlement Is Fair, Reasonable, and Adequate**

3              **1.**      **The Decision to Approve a Proposed Settlement Is**

4                       **Committed to the Court's Discretion**

5   The decision to approve a proposed settlement is committed to the Court's

6   sound discretion. *Hanlon*, 150 F.3d at 1026. The Court must determine whether

7   a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

8   To make this determination at preliminary approval, the Court may

9   consider some or all of the following factors: the extent of discovery completed

10   and the stage of proceedings; the strength of the plaintiff's case and the risk,

11   expense, complexity, and likely duration of further litigation; the risk of

12   obtaining and maintaining class action status throughout trial; the amount offered

13   in settlement; and the experience and views of counsel. *Molski v. Gleich*, 318

14   F.3d 937, 953 (9th Cir. 2003). In addition, the settlement should not be the

15   product of collusion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th

16   Cir. 2000).

17              **2.**      **The Settlement Is Based on Facts Uncovered Through**

18                       **Extensive Investigation and Discovery**

19   Class Counsel gathered sufficient information to make an intelligent

20   decision about the Settlement. Class Counsel's investigation of the class claims

21   against Defendant included: (a) a review of relevant documents, such as

22   Plaintiffs' personnel files, various wage statements issued to Plaintiffs, the

23   company's written employment policies, and relevant Settlement Class Member

24   data; (b) research with respect to the applicable law and the potential defenses

25   thereto; (c) propounding written discovery on Defendant; (d) engaging in the

26   informal exchange of discovery with Defendant; and (e) deposing Defendant's

27   persons most knowledgeable and two of Defendant's witnesses. (Grant Decl.

28   ¶ 10-17.) In preparing for mediation, Class Counsel analyzed class data and

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

conducted many interviews of prospective Settlement Class Members.  (Grant Decl. ¶¶ 13&16.)  The combination of data produced by Defendant and information gathered in deposition and from witness interviews ultimately enabled Class Counsel to create a damages analysis that assisted in the settlement of the claims at issue.  (Grant Decl. ¶ 21.)

> **3.      The Settlement Was Achieved After Evaluating the Strength of Plaintiffs' Case and the Risk, Expense, Complexity and Likely Duration of Further Litigation**

Class Counsel evaluated the strengths of the class claims alleged and assessed the range of potential outcomes in light of the risk, expense, complexity, and likely duration of the litigation.  "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial . . .  The economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process."  *Franklin v. Kaypro Corp.,* 884 F.2d 1222, 1225 (9th Cir. 1989).  Below is an analysis of the risks regarding  certification and trial that Class Counsel took into consideration in determining that the settlement was fair and reasonable.

**Missed Meal Breaks:**  While Plaintiffs zealously argued that the claim regarding missed meal breaks could have been certified, they also acknowledged the significant risk associated with class certification proceedings.  (Grant Decl. ¶ 20.)  Defendant argued that such an allegation implicates individual issues that have varied from location to location, year to year, and day to day as business levels have increased and decreased.  *See Blackwell v. SkyWest Airlines Inc.*, 245 F.R.D. 453, 468 (S.D. Cal. 2007) ("[T]o determine which employees were not provided a timely 30-minute meal period requires a highly individualized factual inquiry.  This is because . . . there are incomplete records to determine whether meal periods were taken, and, if so, for how long. . . ");  *Brown v. Fed. Express*

*Corp.*, 249 F.R.D. 580, 586 (C.D. Cal. Feb. 26, 2008) ("the resources that would be expended on determining the reason for missed breaks would exceed those saved by a classwide determination of the number of breaks missed").

In addition, California's meal break law has been in flux during the pendency of this case, affecting the Parties' assessments of the meal break claim as to certification and on the merits—and their ultimate valuations of that claim. Indeed, the Plaintiffs' meal break claim was particularly risky in light of continuing uncertainty as to the break requirements under the California Labor Code.  Such risks are highlighted by recent Court of Appeal decisions in *Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25, 31 (2008) (holding that employers "need only provide [meal breaks] and not ensure they are taken"), *rev. granted* Oct. 22, 2008, S166350, and *Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278, 1290 (2008) (holding that California law does not require an employer to ensure that employees take meal periods), *rev. granted* Jan. 14, 2009, S168806.  Until the California Supreme Court resolves these issues, the current uncertainty of California law poses considerable challenges to any litigant who chooses to pursue claims for meal break violations.  And, even if *Brinker* were decided in favor of greater enforcement of meal breaks, Plaintiffs still had to confront the significant arguments Defendant had raised in defense of these claims.  Accordingly, Plaintiffs believe the settlement is reasonable given the considerable risks of continued litigation.

**Missed Rest Breaks:**  Plaintiffs alleged that Defendant did not authorize and permit rest breaks as required in California.  Defendant disputed that this claim would be certified and also disputed that Plaintiffs would prevail on the merits.

Defendant vigorously argued that Plaintiffs would not prevail on the merits.  The applicable California Wage Order requires only that "[e]very employer shall authorize and permit all employees to take rest breaks." (*See*,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

California Industrial Welfare Commission Order No. 2-2001, Sec. 12.)  The language of Labor Code section 226.7 and the relevant Wage Order require employers to make rest breaks available, i.e., employers need not ensure that employees actually take their rest periods.  *White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1085-86 (N.D. Cal. 2007)* (citing Division of Labor Standards Enforcement ("DLSE") Opinion ("Op.") Letter, 1/28/02 ("[A]n employer is not subject to any sort of penalty or premium pay obligation if an employee who was truly authorized and permitted to take a rest break . . . freely chooses without any coercion or encouragement to forego or waive a rest period.") (emphasis omitted). Thus, if an employee is permitted to take breaks throughout the day, the employer will not be liable if an employee decides to take only a five-minute break.  The DLSE takes the position that the employer must (1) clearly communicate to the employee the authorization and permission to take the break, and (2) refrain from any actions that would encourage or coerce the employee to forego the rest period.  See DLSE Op. Letter, 9/17/01; DLSE Op. Letter, 4/2/01.

Defendant also pointed to the risks inherent to a class certification decision in light of potential individualized factual determinations, including (1) the number of hours employees worked; (2) the number of rest breaks they chose to take, when they occurred, and for how long the breaks lasted; (3) whether the breaks were interrupted; (4) whether, when, and why they declined rest breaks on (e.g., voluntary waiver on their own volition or because they had no choice); (5) whether they had any discussions with 21st Century supervisors about breaks; (6) whether they declined a rest break that their supervisor permitted them to take; (7) whether they created the alleged violation by defying a supervisor's instruction; (8) whether the alleged violation was *de minimis*; (9) whether a missed rest break occurred on the same day as a missed meal break; (10) any evidence that witnesses observed them taking breaks; and (11) their regular rate for purposes of calculating penalty pay.  Defendant pointed to various decisions

wherein courts have denied certification of rest breaks claims.  *See*, *e.g.*, *Brown*, 249 F.R.D. at 585-88 (denying class certification regarding rest break claims under California law); *Blackwell*, 245 F.R.D. at 467-68 (same).

Ultimately, Defendant's arguments and the potential for a ruling by the Supreme Court adverse to the arguments Plaintiffs were advocating provided compelling reasons for settling the rest break claim.

**Off-The-Clock Work:**  Plaintiffs alleged that Defendant failed to pay employees for off-the-clock work, including, but not limited to, work performed before they were allowed to clock in and work performed after they were made to clock out.  Defendant contended that this claim was not amenable to class treatment because it involved too many individual questions, including (1) whether and to what extent employees performed work off-the-clock; (2) whether the applicable supervisor(s) knew that the individual employees were working off-the-clock and thus prompted the employees to modify their time; (3) whether the employees who performed work before and after their shifts requested that this time be added and, after so requesting, were paid for the time worked; and (4) whether the off-the-clock time was *de minimis* in nature. Defendant argued that these individual issues predominate, citing various cases denying certification of off-the-clock claims.  *Petty v. Wal-Mart Stores, Inc.*, 773 N.E. 2d 576, 578-582 (Ohio Ct. App. 2002); *Harrison v. Wal-Mart Stores, Inc.*, 613 S.E.2d 322, 324-35, 329 (N.C. Ct. App. 2005); *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d at 552, 558-559 (Tex. Ct. App. 2002).  Given the risks involved in seeking certification and in pursuing the claim on the merits and, therefore, believe the Settlement is fair and reasonable.

**Improper Wage Statements:**  Class Counsel recognized that the wage statement claim in this case was subject to substantial risk.  The state of the law regarding the necessary showing for obtaining penalties under Section 226(e) is uncertain, as an appeal of a wage statement case is pending in *Brinkley*.  In

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*Brinkley*, the Court of Appeal decided that a wage statement claim could not be sustained unless there was a showing of damages to the employees.  *Brinkley*, 167 Cal. App. 4th at 1285.  This decision, if upheld, would arguably render worthless the class claims for non-compliant wage statements.  Defendant argued that Plaintiffs will be unable to show employees suffered any actual injury as a result of a purported absence of a listing of the total number of hours worked on employees' wage statements.  Various federal courts have required evidence of actual damages.  *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1179-80 (C.D. Cal. 2008); *Kimoto v. McDonald's Corp.*, No. 06-3032, 2008 WL 4069611 (C.D. Cal. Aug. 19, 2008).  Given the risk at certification and on the merits, Class Counsel believes the settlement of this claim is fair and reasonable.

**Waiting Time Penalties**:  Defendant argued that Plaintiffs' waiting time penalties claim was flawed.  Defendant argued that waiting time penalties were precluded because there was a good faith dispute about whether any wages were due.  *Smith v. Rae-Venter Law Group*, 29 Cal. 4th 345, 354 n.3 (2002), *rev'd on other grounds*, 29 Cal.4th 345 (2002) (so holding).

Defendant also argued that class certification was not appropriate in light of individualized determinations regarding (1) whether the employees voluntarily resigned without giving at least 72 hours prior notice; (2) whether the employees abandoned their jobs such that 21st Century did not know they were quitting and thus did not process final pay until a later date; (3) whether the employees returned to the office and demanded the wages allegedly due; (4) whether the employees provided mailing instructions for final pay; (5) whether the employees were informed that the wages would not be available if the employee did return; (6) whether the employees were on an unpaid suspension pending investigation for misconduct, insubordination, and violations of work rules; and (7) whether the electronic data regarding separation date and last paycheck date were correct. Given the risk at certification and on the merits, Class Counsel believes the

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  settlement of this claim is fair and reasonable.

2          **4.**     **The Settlement Was the Result of Arm's-Length**

3              **Negotiation by Experienced Counsel**

4        Counsel for the Parties have considerable experience and have

5  demonstrated competence in litigating wage and hour class actions.  (Meneses

6  Decl. ¶¶ 3-5.)  The Parties mediated before a well-respected attorney, Jeffrey

7  Krivis, who was extremely helpful in managing the Parties' expectations and

8  providing a neutral analysis of the issues and risks involved. During the

9  mediation, the Parties exchanged information and documents, worked through

10  the mediator to re-evaluate their respective positions, and eventually settled the

11  Actions.  (Grant Decl. ¶¶ 20-22.)

12        The mediation was adversarial, conducted at arm's length, and the

13  resulting settlement was the outcome of an informed and educated analysis of

14  Defendant's liability and total exposure in relation to the costs and risks of the

15  claims.  (Grant Decl. ¶ 24.)  Based on Class Counsel's discovery, investigation,

16  and evaluation, as well as the mediator's input, Class Counsel believes that the

17  settlement for the consideration and on the terms set forth in the Settlement

18  Agreement is fair, reasonable, and adequate, and is in the best interest of the

19  Settlement Class in light of all known facts and circumstances, including the

20  risks of significant delay and uncertainty associated with litigation, various

21  defenses asserted by Defendant, and numerous potential appellate issues.  (Grant

22  Decl. ¶ 28, Meneses Decl. ¶ 8.)

23          **5.**     **The Class Representative Payments Are Reasonable**

24        It is customary and appropriate to provide a payment to named plaintiffs

25  for services to the class as class representatives.  *See Van Vranken v. Atl.*

26  *Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Here, each of the named

27  Plaintiffs, since initiating the Grigorian and Yousefian Actions, spent

28  considerable time and effort in prosecuting their claims, including providing

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

documents, preparing, and sitting for all-day depositions and consulting with Class Counsel.  (Grant Decl. ¶ 25.)  Each Plaintiff has served effectively in his or her role as a class representative.  (*Id.*)  In addition to those services, Plaintiffs Orbel Yousefian and Armen Grigorian sat for additional depositions, requiring extra time and effort.  (*Id.*)  Plaintiffs, in bringing and maintaining the Grigorian and Yousefian Actions, have assumed great individual risk and, as a direct result, Class Members stand to benefit.  (*Id.*) Each Plaintiff has also agreed to a general release of claims that is considerably broader than the release that will bind other Participating Settlement Class Members. (Settlement Agreement ¶¶ 5.1(A), 5.1(B))  Class Counsel, therefore, submits that the enhancement awards of $6,500 for Plaintiffs Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, and Sevada Mardirosian, and $7,500 for Plaintiffs Orbel Yousefian and Armen Grigorian are fair, reasonable, and appropriate.  (Grant Decl. ¶ 25.)

### 6.    The Class Counsel Award Is Reasonable

Plaintiffs contend, and Defendant does not contest, that a 33.3% contingency fee to Class Counsel for payment of its attorneys' fees is reasonable. (Grant Decl. ¶ 26., Meneses Decl. ¶¶ 6-7.) Additionally, up to $40,000 is requested from the Class Settlement Amount for costs and expenses incurred by Class Counsel.  Although there are no bright-line rules in this area, thirty to fifty percent of the settlement amount is commonly awarded as attorneys' fees in cases where the common fund is relatively small.  *See* Newberg § 14.6 (4th ed. 2002 and Supp. 2004); *Van Vranken*, 901 F. Supp. 294 (stating that most cases where 30 to 50% was awarded involved settlement funds of under $10 million); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494 (D.D.C. 1981) (awarding attorneys' fees consisting of 45% of $7.3 million settlement); *In re Warner Commc'n Sec. Litig.*, 618 F. Supp. 735, 749-50 (S.D.N.Y. 1985) (attorneys' fees up to 50% of the total possible value of the settlement permissible).  California

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

law, which governs here,[6] has no set fee "benchmark" with respect to its common benefit percentage analysis, but awards of thirty-three percent or more have been regularly approved in California wage and hour class actions.[7]

Given the significant results achieved in the circumstances of this litigation, the requested 33.3% fee award is on the lower range of what is commonly awarded and considered reasonable. (Grant Decl. ¶ 26.) To properly handle and prosecute this case, Class Counsel was precluded from taking other cases and, in fact, had to turn away other meritorious fee-generating cases. (*Id.*) When this case was taken on a contingent fee basis, with the firms fronting all litigation costs, the ultimate result was far from certain. (*Id.*) In the course of this litigation, Class Counsel had to incur substantial out-of-pocket costs including, but not limited to, filing fees, copy charges for documents, computer research, mediator's fees, telephone and FedEx charges. (*Id.*)

Furthermore, wage and hour class actions are vigorously defended because of the high stakes involved in retroactive and prospective relief. And this case was no exception. (Grant Decl. ¶ 27.)

The Grigorian and Yousefian Actions involved numerous matters that required significant expenditure of Class Counsel's time, such as: (1) pre-litigation investigation and research; (2) interviewing Class Members and the Class Representatives to investigate Defendant's wage and hour practices; (3) researching nuances of various causes of action; (4) conducting formal and informal discovery; (5) detailed legal and factual analyses in preparation for

---

[6] "Federal courts are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney fees." *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975); *see also*, *e.g.*, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388-89 (9th Cir. 1986) (state law establishes the required showing for attorney's fees in an action in diversity).

[7] The settled-for fee award is consistent with the average fee award in California class actions. *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). *Also see* Meneses Decl. ¶¶ 6-7 (citing over 35 example cases in support).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

mediation; (6) engaging in mediation; and (7) performing all other necessary tasks related to the Grigorian and Yousefian Actions.  (Grant Decl. ¶¶ 10-17, 20-22.)

### D.  The Proposed Notice Is Proper

The proposed Class Notice satisfies due process.  Rule 23(c)(2) of the Federal Rules of Civil Procedure requires the Court to direct to Settlement Class Members the "best notice practicable" under the circumstances.  *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173 (1974).  As the United States Supreme Court has held, when the names and addresses of the Settlement Class Members are easily ascertainable, individual notice by mail is "clearly the 'best notice practicable.'"  *Id.* at 175.

Notice will be sent by First Class U.S. Mail to all known and reasonably ascertainable Settlement Class Members. (Settlement Agreement ¶ 3.2.) Defendant will provide the Settlement Administrator with a list containing each Class Member's name, last known mailing address and telephone number, social security number, and dates of employment during the applicable Class Period. (Settlement Agreement ¶¶ 1.26, and 3.2(A).)  The Settlement Administrator will utilize the National Change of Address database and "skiptraces" when necessary during the mailing process.  (Settlement Agreement ¶ 3.2(B)(1).)   Furthermore, each Participating Settlement Class Member will automatically receive an Individual Settlement Payment unless they submit a valid Request for Exclusion. (Settlement Agreement ¶ 3.3.)

The proposed Notice Packet is accurate, informative, and neutrally presented.  It provides information on the nature of the Actions, the substance of the Settlement, class definitions, the formulae and data for calculating Individual Settlement Payments, instructions on how to submit a valid Request for Exclusion or objection to the Settlement (including deadlines),  notice that the Settlement Class Members will permanently forego their right to pursue their

1   released claims against Defendant unless they elect not to participate in the

2   Settlement, and notice that Participating Settlement Class Members will

3   automatically receive an Individual Settlement Payment unless they submit a

4   valid Request for Exclusion.  (Settlement Agreement ¶ 3.3(A).)

5       The last step in the settlement approval process is the final approval

6   hearing, at which time the Court may hear all evidence and arguments necessary

7   to evaluate the Settlement. Plaintiff requests that the final approval hearing be

8   held on June 11, 2012.

9   **IV.   CONCLUSION**

10      The Parties have negotiated a fair, reasonable, and adequate settlement that

11  almost certainly never would have been achieved but for the use of a class action

12  as a procedural device, dedicated and informed Class Representatives, and

13  experienced Class Counsel.

14

15  Dated:  December 8, 2011                    Respectfully submitted,

16                                              Initiative Legal Group APC

17

18                                      By:_____

19                                          Raul Perez
                                            Melissa Grant
20                                          Arnab Banerjee

21

22                                      By:_____

23                                          LAWYERS *for* JUSTICE, PC
                                            Edwin Aiwazian
24                                          Arby Aiwazian
                                            Maria Nickerson
25
                                            Attorneys for Plaintiffs
26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067