Raul Perez (SBN 174687)
RPerez@InitiativeLegal.com
Melissa Grant (SBN 205633)
MGrant@InitiativeLegal.com
Arnab Banerjee (SBN 252618)
ABanerjee@IntiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Edwin Aiwazian (SBN 232943)
edwin@aiwazian.com
Arby Aiwazian (SBN 269827)
arby@aiwazian.com
Maria F. Nickerson (SBN 274255)
maria@aiwazian.com
Lawyers *for* Justice, P.C.
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys* for Plaintiffs

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORBEL YOUSEFIAN, individually, and on behalf of all other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>21ST CENTURY INSURANCE COMPANY, a California corporation;<br><br>    Defendant. | Case No.: CV 10-1077 JAK (MANx)<br><br>Hon. John A. Kronstadt<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Dkt. 205)**<br><br>Date:    February 27, 2012<br>Time:    Non-Appearance Case Review<br>Place:    Courtroom 750 – 7th Floor<br><br>Complaint Filed: February 12, 2010 |

**ORDER**

WHEREAS, Plaintiff Orbel Yousefian's Motion for Preliminary Approval of Class Action Settlement, which included a request for certification of the proposed Settlement Class, approval of the form and manner of notice to the Settlement Class, approval of the procedures and deadlines for asserting objections to or opting out of the proposed settlement, came on for hearing on January 9, 2012, at 8:30 a.m., before the Honorable John A. Kronstadt in Courtroom 750;

WHEREAS, Plaintiffs Orbel Yousefian, Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, Sevada Mardirosian, and Armen Grigorian's ("Plaintiffs"), former sales representatives employed by Defendant 21st Century Insurance Company ("Defendant"), have alleged claims against Defendant for violations of federal and California wage and hour laws;

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this action, and further denies any liability whatsoever to Plaintiffs or to the Settlement Class Members;

WHEREAS, Plaintiff Orbel Yousefian, on behalf of himself and other employees who worked as sales representatives or sales agents for Defendant in California and Lewisville, Texas, filed a collective action against Defendant on February 12, 2010 ("Yousefian Action"). Plaintiff Yousefian alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by allegedly failing to pay him and putative class members minimum wages and overtime compensation. Plaintiff Yousefian filed his Motion for Conditional Certification in the Yousefian Action on October 4, 2010, and Judge Nguyen granted Plaintiff's Motion for Conditional Certification on December 2, 2010;

WHEREAS, On February 2, 2010, Plaintiffs Dro Grigorian, Artin Vartanian, and Yevgeniy Grozovskiy, on behalf of themselves and other employees who worked as sales representatives or sales agents for Defendant in

California, filed an action against Defendant in the Superior Court for the County of Los Angeles, Case Number BC 431048 ("Grigorian Action"). Plaintiffs in the Grigorian Action alleged that Defendant violated various provisions of the California Labor Code and the California Business and Professions Code by allegedly failing to pay overtime compensation, failing to provide meal and rest breaks, failing to pay minimum wages, failing to provide proper wage statements, and failing to pay all wages due at the time of termination;

WHEREAS, Plaintiffs' Counsel have engaged in extensive discussions and negotiations with Defendant and its counsel concerning a resolution of the issues raised in this action, including participating in a mediation that was conducted by an experienced mediator;

WHEREAS, the Parties have proposed a settlement of this action, the terms of which are embodied in the Joint Stipulation of Settlement and Release of Claims attached hereto as Exhibit A ("Agreement");

After considering the papers and evidence in support of the Motion for Preliminary Approval of Class Action Settlement, **IT IS HEREBY ORDERED THAT:**

1. The Court GRANTS preliminary approval of the terms set forth in the Agreement.

2. This Order incorporates by reference the definitions in the Agreement, which is attached hereto as Exhibit "A." To the extent defined in the Agreement, all terms defined herein shall have the same meaning as set forth in the Agreement.

3. For settlement purposes only, Plaintiffs are hereby GRANTED leave to file in this action a Second Amended Complaint as contained in Exhibit 1 to the submitted Settlement Agreement.

///

///

4. For settlement purposes only, Plaintiffs' Second Amended Complaint in this action is hereby deemed effectively FILED and SERVED on Defendant, and Defendant's answers on file in the Grigorian and Yousefian Actions shall be deemed Defendant's response to the Second Amended Complaint.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure , and the Fair Labor Standards Act ("FLSA") the Settlement Class shall be certified for settlement purposes only and shall include the following California Settlement Class and FLSA Opt-In Class:

    (a) All non-exempt or hourly paid employees who worked for Defendant in California as sales representatives or sales agent at any time from February 2, 2006 until the date of the Court's Preliminary Approval Hearing ("California Settlement Class"); and

    (b) All non-exempt or hourly paid employees who worked for Defendant in California or Lewisville, Texas, as sales representatives or sales agents at any time from February 12, 2007, or three years before the date a Consent to Join was filed with the Court, whichever is later, until the date of the Preliminary Approval Hearing and have affirmatively opted in to participate in the collective action against Defendant ("FLSA Opt-In Class").

6. The class action settlement set forth in the Agreement, entered into among the Parties and their counsel, is preliminarily approved as it appears to be proper, to fall within the range of reasonableness, to be the product of arm's-length and informed negotiations, to treat all Settlement Class Members fairly, and to be presumptively valid, subject only to any objections that may be raised at the Fairness Hearing.

7. The Court approves, as to form and content, the proposed Notice of

Pendency of Class Action Settlement ("Notice Packet").

8. The Court directs the mailing, by First-Class U.S. mail, of the Notice Packet to Settlement Class Members in accordance with the schedule set forth below. The Court finds that the method selected for communicating the class action settlement to Settlement Class Members is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons entitled to notice, and thereby satisfies due process.

9. For settlement purposes only, the Court finds that the Settlement Class is sufficiently numerous that joinder is not practicable.

10. For settlement purposes only, there are questions of law and fact common to the Settlement Class Members, including whether they were properly paid for all hours worked. For settlement purposes only, these common issues predominate over any individual issues.

11. For settlement purposes only, the Court finds that the named plaintiffs Orbel Yousefian, Armen Grigorian, Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, and Sevada Mardirosian will fairly and adequately protect the interests of the Settlement Class, as the interests of the named Plaintiffs are coextensive with those of the members of the Settlement Class members. The Court finds that for settlement purposes only, the named Plaintiffs are suitable class representatives and are appointed Class Representatives for the Settlement Class. In so finding, the Court is not determining for purposes of any enhancement fees sought as to such representatives, that all class rerpesentatives were necessary.

12. Plaintiffs' Counsel is experienced in matters of this nature and the Court hereby finds both Initiative Legal Group APC and LAWYERS for JUSTICE, P.C. adequate to represent the Settlement Class and appoints them both as Class Counsel.

13. The Court grants preliminary approval of attorneys' fees and costs

Page 4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

in the amount of $333,333 and $40,000, respectively, to Initiative Legal Group APC and Lawyers for Justice, P.C.; provided, however, that the Court will make a further more detailed review of the requested fees in connection with any motion for final approval.

14. The Court grants preliminary approval of the Class Representative Incentive Payments of $7,500 each to Plaintiffs Orbel Yousefian and Armen Grigorian and $6,500 each to Plaintiffs Dro Grigorian, Artin Vartanian, Yevgeniy Grozovskiy, Arin Safian, and Sevada Mardirosian; provided, however, the Court reserves for the final approval process, a more detailed analysis of whether all such representatives were needed and the appropriateness of the amount of their respective enhancement awards, if any.

15. The Court approves Simpluris, Inc. as the Settlement Administrator and grants preliminary approval of settlement administration costs not to exceed $40,000.

16. The Settlement is the product of extensive litigation and arm's-length negotiations. Good cause appearing, the Court grants preliminary approval of the Agreement as fair, reasonable and adequate to the Settlement Class Members. Whether the proposed settlement and the attorneys' fees and costs to Class Counsel should be finally approved as fair, reasonable and adequate as to the Settlement Class Members will be determined at the Fairness Hearing.

17. Subject to the receipt and consideration by the Court of any objections to or comments on the Agreement at the Fairness Hearing, the Court finds the Agreement and all of its terms to be fair, just, equitable, and in the best interest of the Settlement Class Members. The Court hereby preliminarily approves the Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA.

///

18. The following dates shall govern for the purposes of this settlement:

| Timing | Event |
|---|---|
| March 12, 2012 (or not more than fourteen days after the Court grants Preliminary Approval) | Defendant shall provide to the Settlement Administrator a list, formatted in Microsoft Office Excel, of each Settlement Class Member's name, last known mailing address, telephone number, date of termination (if applicable), Social Security number, and total number of Workweeks worked during the Settlement Class Period, as well as the total number of Workweeks worked for all Settlement Class Members during the Settlement Class Period. |
| March 26, 2012 (or not more than ten business days after the Settlement Administrator receives the Settlement Class List ) | Last day for Settlement Administrator to mail Notice Packet to Settlement Class Members. |
| May 10, 2012 (or not more than 45 calendar days after the Settlement Administrator mails the Notice Packet) | Last day for Settlement Class Members to file and serve objections to the settlement. |
| May 25, 2012 (or not more than sixty calendar days after Settlement Administrator mails the Notice Packet; may be extended up to 15 days for those Settlement Class Members who received a re-mailed Notice Packet) | Last day for Settlement Class Members to mail a Request for Exclusion or to dispute the information in the Notice Packet, |
| June 15, 2012 | Plaintiff files Motion for Final Approval of Class Action Settlement; Motion for Class Representative Incentive Payments and Motion for Award of Attorneys' Fees and Costs. |
| June 29, 2012 (or not more than two weeks after Plaintiffs' Counsel files their fee application.) | Last day for Settlement Class Members to file any objections pertaining solely to Plaintiffs' Counsel's fees and costs. |
| July 13, 2012 | Hearing on Motion for Final Approval of Class Action Settlement; Motion for Class Representative Incentive Payments and Motion for Award of Attorneys' Fees and Costs. |

19. No Settlement Class Member shall be heard in opposition to the proposed settlement or, if approved, the judgment and other orders to be entered thereon, and no papers or briefs submitted by any such person shall be accepted or considered by the Court, unless such person has, consistent with the deadlines

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 6

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

above and the procedures set forth in the Agreement and the Notice Packet, served upon counsel for all parties a written statement that indicates the specific basis for the objections, along with any supporting documentation. The Parties shall file with the Clerk of the Court all objections submitted pursuant to the above-referenced procedures within 10 calendar days after the end of the Request-for Exclusion period. Settlement Class Members who submit an objection may be deposed by Class Counsel and Defendant's Counsel and may be required to answer written discovery propounded by Class Counsel or Defendant's Counsel on an expedited basis.

20. Any Settlement Class Member who does not submit a timely Request for Exclusion and otherwise comply with all requirements for requesting exclusion from the settlement set forth in the Agreement and the Notice Packet shall be bound by the Agreement, including the release of claims, and any final judgment. Any Settlement Class Member who successfully requests exclusion will be deemed to have waived any rights or benefits under the settlement and will not have standing to object to the settlement or to seek to intervene in the action.

21. The Court expressly reserves the right to continue the Fairness Hearing from time to time without further direct notice to the Settlement Class.

22. If, for any reason, the Agreement is not finally approved or does not become effective, this Order Granting Preliminary Approval shall be deemed vacated and shall have no force or effect whatsoever, and the Yousefian Action and the Grigorian Action shall proceed as if no settlement has been attempted.

23. Pending final determination of whether the proposed settlement should be approved, all Settlement Class Members who have not validly and timely requested exclusion are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or

1  administrative, regulatory, or other proceeding or order in any jurisdiction
2  arising out of or relating in any way to the claims released in the Agreement.

**IT IS SO ORDERED.**

Dated:  March 8, 2012

Hon. John A. Kronstadt
United States District Judge