G. Arthur Meneses (SBN 105260)
AMeneses@InitiativeLegal.com
Melissa Grant (SBN 205633)
MGrant@InitiativeLegal.com
Arnab Banerjee (SBN 252618)
ABanerjee@IntiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Edwin Aiwazian (SBN 232943)
edwin@aiwazian.com
Arby Aiwazian (SBN 269827)
arby@aiwazian.com
Maria F. Nickerson (SBN 274255)
maria@aiwazian.com
Lawyers *for* Justice, P.C.
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:   (818) 265-1021

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORBEL YOUSEFIAN, individually, and on behalf of all other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>21ST CENTURY INSURANCE COMPANY, a California corporation;<br><br>　　　　　Defendant. | Case No.:  CV 10-1077 JAK (MANx)<br><br>Hon. John A. Kronstadt<br><br>**FINAL JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE**<br><br>**JS-6**<br><br>Date:　July 16, 2012<br>Time:　8:30 a.m.<br>Place:　Courtroom 750 — 7th Floor<br><br>Complaint Filed:   February 12, 2010 |

**ORDER**

**WHEREAS**, the Court having considered the Joint Stipulation of Settlement and Release of Claims, ("Agreement"), a full copy of which is attached hereto as Exhibit A, and having preliminarily approved the same on March 8, 2012; and

**WHEREAS**, the Court having entered an Order directing that notice be given to the Settlement Class Members, and the Notice Packet having been individually mailed to Settlement Class Members, and the Court having conducted a Fairness Hearing concerning the proposed settlement; and

**WHEREAS**, the Court having reviewed the entire record of this Action, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. The Agreement attached hereto as Exhibit A is incorporated by reference. To the extent defined in the Agreement, the terms of this Order shall have the meanings set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of this action, Defendant, Plaintiffs, Plaintiffs' Counsel, and the Settlement Class Members.

3. Pursuant to the Agreement, Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and the Fair Labor Standards Act ("FLSA"), the Court hereby confirms its Order of March 8, 2012, granting certification of this case as a class action for settlement purposes only. For purposes of settlement, the Settlement Class Members shall be defined as set forth in the March 8, 2012 Order and the Agreement.

4. The Court confirms that Simpluris, Inc. will serve as the Settlement Administrator for purposes of mailing the settlement checks and overseeing the administration of the implementation of the Agreement. The Court approves administration expenses in the amount of $9000 payable to Simpluris, Inc.

5.    The Court has determined that the notice given to the Settlement Class Members fully and accurately informed all persons in the classes of all material elements of the proposed settlement, constituted the best notice practical under the circumstances, constituted valid, due and sufficient notice to all Settlement Class Members, and fully complied with Rule 23 of the Federal Rules of Civil Procedure, the FLSA, the United States Constitution, and any other applicable laws.

6.    The Court finally approves the Agreement as fair, reasonable and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA, and orders the parties to consummate the settlement in accordance with the terms of the Agreement.

7.    The plan of allocation set forth in the Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is approved as being fair, reasonable, and adequate to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA.

8.    The Court finds that the Agreement is fair, reasonable, adequate and binding on all Settlement Class Members who have not timely opted out pursuant to Paragraph 3.4 of the Agreement.  All Settlement Class Members who have not timely opted out pursuant to the Agreement are permanently enjoined from pursuing and/or seeking to reopen the claims that have been released pursuant to the Agreement and dismissed with prejudice pursuant to this Final Judgment and Order Granting Motion for Final Approval of Class Action Settlement and Dismissing Claims with Prejudice ("Final Judgment and Order of Dismissal with Prejudice").

9.    The Court hereby awards attorneys' fees and costs of $333,333 and $40,000, respectively, to Class Counsel.  The Court finds that the requested Attorneys' Fees and Costs Award is within the range of reasonableness for a

contingency fee in a class action such as this. Furthermore, this award amount is unopposed by Defendant.

10. The Court finds that the Agreement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

11. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Agreement in light of the challenges posed by continued litigation, the Court finds that Class Counsel secured significant relief for Settlement Class Members.

12. The Parties dispute the validity of the claims in this Action, and their disputes underscore not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations of any wrongdoing by Defendant. Neither this Order, the Agreement, nor any document referred to herein or therein, nor any action taken to carry out the Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

13. The Court awards the Class Representatives the following amounts for their services to the Settlement Class Members:

Orbel Yousefian: $7,500

Armen Grigorian: $7,500

Dro Grigorian: $6,500

Artin Vartanian: $6,500

Yevgeniy Grozovskiy: $6,500

    Arin Safian: $6,500

    Sevada Mardirosian: $6,500

  The Court finds that these amounts are fair and reasonable in light of Plaintiffs' contributions to this litigation, the risks associated with bringing an action against a former employer, and for their general release of claims against Defendant.

  14. Any and all objections, if any, to the Agreement, Class Counsel's request for the Attorneys' Fees and Costs Award and/or the Class Representative Incentive Payments have been considered and are hereby found to be without merit and are overruled.

  15. The Action, as that term is defined in the Agreement, is hereby dismissed with prejudice and without fees or costs to any party, except as expressly set forth in this Order and the Agreement.

  16. Any person or entity wishing to appeal this Final Judgment and Order of Dismissal with Prejudice shall post a bond with this Court as a condition to prosecuting the appeal.

  17. If the Effective Date, as defined in the Agreement, does not occur for any reason whatsoever, this Final Judgment and Order of Dismissal with Prejudice and the Order Granting Preliminary Approval shall be deemed vacated and shall have no force or effect whatsoever and the Yousefian Action and the Grigorian Action shall proceed as if no settlement has been attempted.

  18. The Court shall have continuing and exclusive jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement in accordance with its terms, the administration and distribution of the settlement proceeds, and this Order.

  ///

  ///

19. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice be, and hereby it is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: July 16, 2012

_____
John A. Kronstadt
United States District Court Judge